## Dalyanakis *v.* Aliquippa & Southern R. R. Co., Appellant.

*Negligence—Railroads—Permissive crossing—Switching cars— Case for jury.*

In an action against a railroad company, to recover damages for death caused by the closing of a train, at a point near an established crossing, the case is for the jury, where the evidence tends to show that the opening of the cars was but fifteen feet away from the planked crossing, that it was not unusual to have the train cut some distance from the crossing, which was used constantly by

persons going to and from the mills, and that the deceased did not receive proper warning of the movement of the cars.

Argued April 23, 1919.   Appeal, No. 39, April T., 1919, by defendant, from judgment of C. P. Beaver Co., March T., 1916, No. 468, on verdict for plaintiff in case of Nikola Dalyanakis v. The Aliquippa and Southern Railroad Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.   Affirmed.

Trespass to recover damages for death of plaintiff's minor son.   Before BALDWIN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $650.   Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment n. o. v.

*Harold F. Reed,* for appellant, cited: Leithold v. Phila. & Reading Ry. Co., 47 Pa. Superior Ct. 137; Phila. & Reading R. R. Co. v. Hummell, 44 Pa. 375; 220 Pa. 516; 220 Pa. 107; Connerton v. Del. & Hudson Canal Co., 169 Pa. 339; 192 Pa. 242; 113 Pa. 162; 47 Pa. Superior Ct. 136 and 137; 56 Pa. Superior Ct. 512.

*Lawrence M. Sebring,* and with him *Frank E. Reader,* for appellee.

OPINION BY HENDERSON, J., July 17, 1919:
The plaintiff's son was killed while passing between two segments of a freight train on one of the defendant's tracks while on his way to his work at Jones & Laughlin Steel Works.   He and some of his fellow workmen were on their way to the plant at about six o'clock on the morning of December 3d.   They went along a way used by employees of the steel company until they came to the track,

and finding a train standing thereon they turned to the left and went, as shown by evidence of the plaintiff, about twelve feet or more southwardly to a point where there was an opening in the train about five feet wide. The young man was in advance of the workmen who accompanied him, and while between the cars the train was closed and he was killed. The evidence shows that no notice was given of the proposed movement of the cars. It was not disputed that there was a crossing used by hundreds of employees of the steel company. The track was located on land of that company and was used for moving cars in connection with its business. About fifteen feet north of the place where the workmen usually crossed was a sign containing this notice: "This crossing must always be kept open." There is evidence showing that when trains were left standing on this track they were parted at or near a place where planks were laid between the rails, apparently to make the crossing passable for vehicles, but that it frequently happened that the train was not cut just at the place where the planks were laid but sometimes a car length more or less to the north or south of the plank crossing. As many of the employees of the steel company lived on the opposite side of this track from the works, it was necessary for them to cross it daily, and it very frequently occurred that trains were broken at this place to permit the men to pass through.

The learned trial judge held the evidence warranted the conclusion that there was a permissive crossing of the track covering a space within a distance of one or one and a half car length on either side of the planking laid between the rails, and that because of this fact the plaintiff's son could not be regarded as a trespasser at the time he passed between the cars. That there was an acquiescence, if not an invitation, in the use of the crossing is clearly apparent from all the evidence and the surrounding circumstances. It was necessary to the convenient access of the employees of the steel company to their places of work that they pass this place, and hundreds

of them so used it daily.  In the very nature of the case, they did not all step in the same tracks, nor was it always easy, or perhaps practicable to open a train at exactly the same place to permit them to go to and from their work.  The evidence is not improbable, therefore, that a greater or less space was used for this purpose, depending on the location of the break in the train.  This use of the crossing had existed for more than two years, and there can be no doubt that the defendant had notice of it.  A duty was therefore imposed to exercise reasonable care in the movement of its trains with respect to the safety of the persons using the crossing, and whether such care was exercised was a question for the jury.  There was evidence sufficient to define the limits of the space over which the workmen passed, and the court would not have been justifiable in holding that the plaintiff could not recover because the boy was not killed within the space limited by the dimensions of the planks between the rails. The opinion of the learned judge on the rule for judgment n. o. v. clearly sets forth the salient facts of the case and the principle on which his ruling was based, and the conclusion there arrived at we regard as correct under the facts and the law applicable thereto.

The judgment is affirmed.